■ Erik L. Fromm et al., Respondents, v Linda Capello et al., Defendants and Third-Party Plaintiffs-Appellants. Incorporated Village of Southampton, Third-Party Defendant-Respondent. [664 NYS2d 727] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 22, 1996, as granted the motion of the third-party defendant to dismiss the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff police officer and his wife brought this action against the driver and owner of the vehicle with which the police officer's vehicle collided, asserting a common law negligence claim and a claim pursuant to General Municipal Law § 205-e based on the defendant driver's violation of Vehicle and Traffic Law § 1144 (a). The defendants then brought a third-party action against the police officer's employer, the Incorporated Village of Southampton (hereinafter the Village), seeking contribution and/or indemnification. The Village moved to dismiss the third-party complaint, and the motion was granted.

The appellants acknowledge in their brief that the main action has been settled and concede that any claims they may have for contribution have been extinguished. The appellants, as active tortfeasors, have no right of indemnification (*see, McDermott v City of New York,* 50 NY2d 211, 218; *Rogers v Dorchester Assocs.,* 32 NY2d 553, 565). Accordingly, the third-party action is no longer viable.

In light of our determination, we need not reach the parties' remaining contentions. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.